IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CENTOBENE,

    Plaintiff,                    No. CIV S-08-1795 GGH P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.          ORDER and

_____/    FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se. On August 1, 2008, this action was transferred to this court from the United States District Court for the Northern District of California. Plaintiff has paid the filing fee. Notwithstanding the payment of the filing fee, the court may still screen the complaint. 28 U.S.C. § 1915(e)(2).

        The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff challenges the policy of the California Department of Corrections (CDCR) and Governor Schwarzenegger authorizing the transfer of prisoners to out of state prisons due to overcrowding. The complaint contains four causes of action. First, plaintiff alleges that the transfers are being endorsed pursuant to a void contract in violation of state law. Second, plaintiff alleges that if transferred to an out of state prison, he will not have adequate access to California state legal materials. Third, plaintiff alleges that the out of state transfers constitute state sponsored kidnapping. Fourth, plaintiff alleges that the out of state transfers constitute an unconstitutional exercise of jurisdiction.

The court first considers plaintiff's claim that he will be denied access to California legal materials if transferred to an out of state prison. The court construes this claim as alleging a claim for violation of the right to access the courts. The Supreme Court has held that the right of access to the court requires prison authorities to provide prisoners with the

1 "capability of bringing contemplated challenges to sentences or conditions of confinement before
2 the courts." Lewis v. Casey, 518 U.S. 343, 356 (1996).

3     Plaintiff "overlooks the fact that a number of local prison systems either provide
4 access to foreign state casebooks or engage in an interlibrary loan system that provides a plethora
5 of material outside of the immediate library compilation." Chen v. Tilton, CIV S-07-1780 WBS
6 GGH P, 2007 WL 2695299 * 2 (E. D. Cal. 2007), opinion by the Honorable William B. Shubb,
7 citing McElyea v. Babbitt, 833 F.2d 196, 199 (9th Cir. 1987)(noting that inmates in the Arizona
8 State Prison may request a variety of books through prison's interlibrary loan services).

9     In Chen, Judge Shubb also found that the Tallahatchie County Correctional
10 Facility in Mississippi, where the plaintiff in Chen was transferred, had an interlibrary loan
11 system that made available to inmates a vast series of CD-ROMS containing out-of-state rules,
12 including California's Court Rules, Deering's California Codes Annotated, and West's Annoted
13 California Codes. Id.

14     States need not supply every inmate with a law library, as long as they supply a
15 reasonable alternative to assure meaningful access. Id. at *3, citing United States v. West, 557
16 F.2d 151, 152-53 (8th Cir. 1977)(per curiam). One such reasonable alternative is the assistance
17 of appointed counsel. Id., citing Bounds v. Smith, 430 U.S. 817, 830-31 (1977). Thus, where an
18 inmate has access to a court appointed attorney, that inmate is deemed to have sufficient access
19 to the courts. Id., citing Bounds v. Smith, 430 U.S. at 830-31.

20     In the instant case, plaintiff does not describe the legal actions for which he
21 requires access to California legal materials. If, for example, plaintiff is pursuing a criminal
22 appeal in which he is represented by counsel, then he can state no claim for violation of his right
23 to access the courts. Accordingly, this claim is dismissed with leave to amend. If plaintiff files
24 an amended complaint raising a claim for violation of the right to access the courts, he must
25 address the kinds of actions he is pursuing which require access to California legal materials.
26 Plaintiff must address also the discussion above regarding his access to interlibrary loan

3

programs and CD-ROMS containing California rules, etc.

Plaintiff alleges that the out of state transfers constitute an unconstitutional exercise of jurisdiction. Prisoners have no constitutional right to be housed at a particular prison. Meachum v. Fano, 427 U.S. 215, 224 (1976); Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976). Accordingly, plaintiff's claim that the transfers constitute an unconstitutional exercise of jurisdiction should be dismissed.

Plaintiff's claim that the out of state transfers constitute state sponsored kidnapping does not state a colorable constitutional claim. Accordingly, this claim is dismissed.

Because plaintiff's complaint does not state a colorable constitutional claim, the complaint is dismissed with leave to file an amended complaint.

On May 29, 2008, plaintiff filed a motion for a temporary restraining order and preliminary injunction. Plaintiff seeks an order prohibiting his transfer to an out of state prison.

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff

if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

For the reasons discussed in the section above addressing the claims raised in the complaint, the court finds that plaintiff has not demonstrated a likelihood of success on the merits of his claims.  For this reason, the motion for injunctive relief should be denied.

The court also observes that in the motion for injunctive relief, plaintiff alleges that if he is transferred to an out of state prison, he will lose all of his visits.  If plaintiff is transferred to a new prison, plaintiff will not lose any right to visits.  Rather, visitation will become more difficult.

On June 27, 2008, plaintiff filed an ex parte application to appear telephonically at a hearing regarding his motion for injunctive relief.  Because the motion for injunctive relief is recommended to be denied, this ex parte application is denied.

/////

On May 29, 2008, plaintiff filed a motion requesting that the U.S. Marshal serve his complaint. Because plaintiff has not yet filed a colorable complaint, this request is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed;

2. Plaintiff's motion for the U.S. Marshal to serve process (# 4) is denied;

3. Plaintiff's ex parte application to appear telephonically at a hearing (# 8) is denied;

4. The Clerk's office is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (#2), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/18/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

cent1795.b