<u>James Centobene v. Arnold Schwarzenegger, et al.</u>, CV 08-1795 CTB

<u>Order re 42 U.S.C. § 1983 Complaint</u>

James Centobene ("Centobene"), a California prisoner proceeding pro se,[1] brings this action under 42 U.S.C. § 1983 against Governor Schwarzenegger and various state agents.[2] Centobene contends the use of California Penal Code section 11191, as amended, to authorize the involuntary transfer of state prisoners to out-of-state facilities is a violation of federal constitutional and statutory law. Although he has paid the full filing fee, <u>see</u> 28 U.S.C. § 1915(b), Centobene lacks standing to bring this action because he is not presently subject to an out-of-state transfer. The Court therefore DISMISSES this action.

I.      <u>Background</u>

Centobene filed his complaint on May 29, 2008 in the Northern District of California. (Docket No. 1.) On that date, Centobene also filed a declaration and two motions. Centobene declared he was ineligible to proceed in forma pauperis, and that he had mailed the court $350 in filing fees. (Docket No. 3.) Centobene moved for a temporary restraining order and a preliminary injunction "enjoining Tilton, Kernan, McDonald, and Curry from transferring Centobene either out-of-state, inter-institution, inter-facility, or inter-housing unit, unless consented to by Centobene, for the duration of this action." (Docket No. 2.) Centobene also moved to serve process on the defendants without the prepayment of process service fees. (Docket No. 4.)

On June 24, 2008, the court received Centobene's $350 filing fee. Then, on June 27, Centobene moved for defendant Curry to appear telephonically at a

---

[1] Centobene is incarcerated at the Correctional Training Facility ("CTF") in Soledad, California. (FAC ¶ 3.) Neither the complaint nor the amended complaint specifies why Centobene is incarcerated there.

[2] James Tilton, the Secretary of Corrections for the California Department of Corrections and Rehabilitation ("CDCR"); Scott Kernan, the Director of the Division of Adult Institutions for the CDCR; Terri McDonald, the Chief Deputy Administrator of the California Out-of-State Correctional Facilities Unit for the CDCR; and Ben Curry, the Warden of CTF.

hearing on his preliminary injunction motion.  (Docket No. 8.)  Inexplicably, Centobene moved to proceed in forma pauperis on July 9.  (Docket No. 9.)  On August 1, the court transferred this action to the Eastern District of California.  (Docket No. 12.)  Centobene consented to Magistrate Judge George G. Hollows's jurisdiction on August 21.  (Docket No. 15.)  On that same date, Centobene renewed his motion for service of process on defendants (Docket No. 16), as well as his motion for Curry's telephonic appearance at a hearing (Docket No. 17).

On September 18, 2008, Magistrate Judge Hollows dismissed Centobene's complaint for failure to state a claim with thirty days' leave to file an amended complaint.  (Docket No. 19.)  The magistrate judge also recommended the denial of the motion for a temporary restraining order and preliminary injunction (Docket No. 2), and denied the motions to serve the defendants (Docket No. 4), and for defendant Curry to appear telephonically at a hearing (Docket No. 8).  The case was assigned to District Judge Lawrence K. Karlton on that same date.

Per the magistrate judge's order, Centobene was required to file objections to that order by October 8, 2008, and to file an amended complaint by October 18.  On October 17, Centobene moved for an extension of time to file his objections (Docket No. 23) and his amended complaint (Docket No. 22).  Later, on November 3, Centobene moved for relief from default to file his objections (Docket Nos. 27, 29), and filed those objections on the same date (Docket No. 26).  Also on November 3 (Docket No. 28), and again on November 5 (Docket No. 31), Centobene moved for the court to appoint him counsel.  Centobene refiled objections to the magistrate judge's recommendations on November 5.  (Docket No. 30.)  On November 17, after moving for relief from default (Docket No. 33), Centobene filed his amended complaint (Docket No. 34).

On November 25, 2008, this case was reassigned to then-Chief Judge Alicemarie H. Stotler of the Central District of California (Docket No. 36), and, on December 23 of that same year, to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation (Docket No. 38).

II.     Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss the

prisoner's complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1124, 1126–27, 1130 (9th Cir. 2000) (en banc).  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

III.    Discussion

The Court must dismiss this action because Centobene is without standing to bring this action for declaratory and injunctive relief.

To seek such relief, Centobene must show: (1) he is under threat of suffering "injury in fact" that is concrete and particularized; (2) the threat must be actual and imminent, not conjectural or hypothetical; (3) it must be fairly traceable to the challenged action of the defendant; and (4) it must be likely that a favorable judicial decision will prevent or redress the injury.  See Summers v. Earth Island Inst., 129 S. Ct. 1142, 1149 (2009).

Here, Centobene challenges "the use of the newly amended Penal Code § 11191 to authorize the involuntary transfer of state prisoners to out-of-state facilities[.]" (FAC, at 1–2.)[3]  But Centobene does not allege that he is presently subject to any out-of-state transfer; he alleges only that, on March 18, 2008, "Correctional Counselor I Robinson informed [him] that he was being considered for an involuntary out-of-state transfer." (Id. ¶ 21, emphasis added.)  Centobene even concedes that he is not challenging "an endorsement" to transfer him to an out-of-state facility.  (Id. ¶ 25.)  Rather, Centobene challenges a hypothetical injury that may befall him if he were transferred to such a facility—namely, that such a facility may lack California legal materials needed in his "on-going litigation."[4] (See id. ¶¶ 22, 25.)

Accordingly, because Centobene's alleged injury is neither concrete nor

---

[3]  "FAC" refers to the First Amended Complaint.

[4]  As the magistrate judge noted, Centobene "does not describe the legal actions for which he requires access to California legal materials." (Maj. Judge Order, at 3.)

particularized, and because the alleged threat of injury is only conjectural and hypothetical, Centobene lacks standing. The Court must therefore dismiss this action. <u>See</u> <u>Summers v. Earth Island Inst.</u>, 129 S. Ct. at 1149.

Given that Centobene has no standing to bring this action, the Court denies Centobene's ex parte request for relief from default to file the amended complaint (Docket No. 33). The Court denies all other outstanding ex parte motions as moot (Docket Nos. 2, 9, 16, 22–23, 27–28, 29, 31)

IV.   <u>Conclusion</u>

For the foregoing reasons, the Court DENIES Centobene's request to file the amended complaint and DISMISSES this case with prejudice.

The Court ORDERS the Clerk of Court to close this case.

Date: December 30, 2009

   /s/ Carlos T. Bea
Carlos T. Bea
United States Circuit Court Judge